GEORGE F. JUD V. CITY OF SAN ANTONIO.

No. A-343. Decided January 17, 1945.
(184 S. W., 2d Series, 821.)

*Reynolds N. Cate,* of San Antonio, for petitioner.

The Court of Civil Appeals erred in holding that the act did not provide for any appeal from the action of the pension board. Byrd v. City of Dallas, 6 S. W. (2d) 738; Robertson v. Board, 171 S. W. (2d) 542; 1 Tex. Jur. 684.

*T. D. Cobb, Jr.,* City Attorney *Hugh R. Robertson,* Assistant City Attorney, both of San Antonio, for respondents.

The order of the trial court sustaining the plea to the jurisdiction and the findings and conclusions of the trial judge are in strict accordance with the law and the evidence. City of Strawn v. Board of Water Engineers, etc., 134 S. W. 397; McGuire v. City of Dallas, 142 Texas 170, 170 S. W. (2d) 722, 728.

MR. JUDGE HICKMAN, of the Commission of Appeals delivered the opinion for the Court.

This suit was instituted by George F. Jud against the City of San Antonio, the Board of Firemen, Policemen, and Fire Alarm Operators' Pension Fund Trustees of San Antonio, Texas, referred to hereinafter as the Pension Board, and against the Mayor and other individuals alleged to be members of the Pension Board. The plaintiff labeled his pleading a "petition for

declaratory judgment." To this pleading the defendants filed an answer consisting of a plea to the jurisdiction, exceptions to plaintiff's petition, answer on the alleged facts, and a special answer. The Court set the case for a hearing on the plea to the jurisdiction only and after such hearing entered an order sustaining the plea and dismissing the case at plaintiff's cost. That order was affirmed by the Court of Civil Appeals. 182 S. W. (2d) 260.

The Pension Board operates under authority of Acts of the 47th Legislature, 1941, ch. 105, Vernon's Statutes, Art. 6243f. There is no provision in that law for an appeal from a decision of the Pension Board to the courts. The Court of Civil Appeals was of the opinion that the suit was an attempt to appeal from an order of that Board and upon that basis it affirmed the judgment of the trial court sustaining the plea to its jurisdiction and dismissing the case.

■ While we experience some difficulty in classifying the cause of action, if any, alleged by plaintiff, we have concluded that it was not merely an attempted appeal from an administrative order of the Board. We shall not undertake to summarize the allegations of plaintiff's petition, but shall point out some of the sailent points thereof. In 1919 the Legislature enacted a law on the subject of city pensions. That law is now Articles 6229 to 6243, inclusive, R. S. 1925. By Article 6242 it was provided, in effect, that no funds should be paid out of the public treasury of a city to the carrying out of the provisions of the law except on a majority vote of the voters of such city. It appears that the City of San Antonio did not so vote, but, according to the petition, it did set up a system of pensions for firemen and policemen. Plaintiff claims to have been a fireman in the employ of the City in 1919 and to have served in that capacity for more than twenty years. He alleged that he made a written application to participate in the fund collected from firemen and policemen and allowed a deduction of one per cent or more monthly from his salary as a contribution to that fund, and that his contribution was "from $600.00 to $700.00." A part of the relief sought in the case is a judgment for that amount against the City, the Pension Board, and each member of the Board individually.

It is not presently material whether plaintiff alleged a cause of action against the members of the Board individually. It is sufficient for present purposes to note that he does undertake to connect them in some manner with the original fund collected from the City employees, claiming that it was a trust fund in

which he had a vested interest, and that in denying his application the Board acted illegally, arbitrarily and maliciously. While he does seek to have the Court supervise the Pension Board and "rescind their minutes to place the plaintiff on their pension rolls," and substitute its discretion for that of the Board on the question of granting him a pension, still, as noted, that is not all the relief sought.

■ It·is familiar law that jurisdiction is the power to hear and determine a controversy, which, of course, includes the power' to decide whether or not a pleading filed in the court is sufficient to state a cause of action as against the exceptions filed thereto. Morrow v. Corbin, 122 Texas 553, 62 S. W. (2d) 641; Texas Employers' Ins. Ass'n. v. Ezell (Com. App.) 14 S. W. (2d) 1018; 11 Tex: Jur. p. 711 et seq., Sec. 9.

■ By Rule of Civil Procedure No. 90 it is provided that a general demurrer shall not be used. To dismiss a plaintiff's case upon sustaining a plea to the jurisdiction on the ground that his petition is insufficient to state a cause of action when he is praying for judgment for an amount within the jurisdiction of the Court, is even a more summary proceeding than to sustain a general demurrer. This is true for the reason that, upon sustaining a demurrer the Court does not dismiss the case until the plaintiff has been afforded an opportunity to amend, whereas, upon sustaining such plea the plaintiff is not afforded that opportunity.

■ It would seem that the defendants have proceeded upon the theory that they could establish want of jurisdiction in the Court by showing upon a hearing on the plea to the jurisdiction that certain fact allegations were untrue. They did not stand upon the proposition in the trial court that, as a matter of law on the face of the pleadings, the Court had no potential jurisdiction to hear the case: Their plea contemplated a hearing on the facts, and upon being granted that hearing they placed upon the witness stand one of the members of the Pension Board who testified, under the questioning of their attorney, to the fact in connection with the hearing on plaintiff's application for a pension. In substance and effect his testimony was that the Board did not act arbitrarily or maliciously, but that it accorded the plaintiff a fair hearing and based its order denying the application upon its conclusion that, under the facts, plaintiff should not be granted a pension. They argue here that "in view of the allegations of the petition, and the evidence introduced on the hearing on the plea to the jurisdiction," the Court had no jurisdiction to hear the case. The jurisdiction of a court is not to be determined

on that basis. In passing on the plea to its jurisdiction the Court was not authorized to base its ruling upon the conclusion drawn from the evidence that the Board exercised a legitimate discretion in denying the pension and did not act arbitrarily and maliciously, as alleged. The question of whether or not the Board or the individual members thereof should be held liable for money paid into the pension fund is not a question to be determined in limine on a hearing of the plea to the jurisdiction.

The defendants press the argument with much force that plaintiff has alleged no character of cause of action whatever. Should it be granted that they are correct, and further that plaintiff will be unable so to amend his petition, in the light of the true facts, as to state a cause of action, it does not follow that the case should be affirmed. The trial court has ruled that it has no jurisdiction to consider the case at all, not even the exceptions to the petition, and that is the ruling under review here. We are not in accord with that ruling and that is the only question which we are authorized to decide.

It is ordered that the judgments of both courts below be reversed and the case remanded to the trial court with instructions to reinstate same on its docket.

. Opinion adopted by the Supreme Court January 17, 1945.