## PRYOR v. UNIVERSAL C. I. T. CREDIT CORP.

### No. 12474.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 3, 1952.

North, Blackmon & White, Corpus Christi, for appellant.

Ward & Brown, Corpus Christi, for appellee.

POPE, Justice.

This is an appeal from an order dismissing plaintiff's cause of action on the ground that his petition failed to assert a bona fide cause of action for an amount within the jurisdiction of the court.

Plaintiff's petition asserted a cause of action for wilful conversion and also one for usury. For our purposes it is unnecessary to consider the allegations, ex-

cept insofar as they relate to the conversion features. Plaintiff alleged that defendant's employee physically took from him the keys to his automobile, and that he deprived the plaintiff of possession by means of force, threats, and fear. He asserted that the automobile contained $150 worth of personal property, including his wife's wedding ring. He alleged that the reasonable market value of the automobile was $1,750. He alleged that defendant was the holder of a chattel mortgage securing the payments on the automobile, and that he had consistently made his payments after due date, so that defendant waived the strict terms of the mortgage and was estopped from asserting the strict terms of the mortgage. He asserted that one payment in the amount of $71.71 was due, but that the defendant owed plaintiff, by way of offset, more than twice that amount for usurious interest. He sought punitive damages in the amount of $5,000 for the claimed wrongful and malicious conversion. From these allegations, the petition on its face asserts a complete cause of action within the jurisdiction of the district court. The plaintiff had paid a jury fee.

■ The trial court heard testimony on the motion to dismiss, which we have examined minutely. It shows only that the appellee was the owner of a chattel mortgage on the automobile, which contained a clause permitting repossession upon default. But peaceable repossession permitted by a mortgage does not excuse a tortious repossession as alleged, and the strict payment terms of a mortgage may be waived. In any event, allegations of an unproved but bona fide defense is not proof of a mala fide assertion of the jurisdictional amount. "A plea to the jurisdiction is not appropriate when the contention is that the plaintiff has falsely stated propositions of fact to sustain a claim, which, in fact, is wholly nonexistent, for this is a matter of defense on the merits. The allegations of the petition are accepted as true for the purpose of determining jurisdiction unless they are challenged by a proper dilatory plea; * * *." 2 McDonald, Texas Civil Practice, § 7.07; Brannon v. Pacific Employers Insurance Company, 148 Tex. 289, 224 S.W.2d 466, 469; Mauldin v. American Liberty Pipe Line Co., Tex.Civ.App., 185 S.W.2d 158. The Supreme Court, in Jud v. City of San Antonio, 143 Tex. 303, 184 S.W.2d 821, 823, has stated the law applicable to this case:

"They did not stand upon the proposition in the trial court that, as a matter of law on the face of the pleadings, the Court had no potential jurisdiction to hear the case. Their plea contemplated a hearing on the facts, and upon being granted that hearing they placed upon the witness stand one of the members of the Pension Board who testified, under the questioning of their attorney, to the facts in connection with the hearing on plaintiff's application for a pension. In substance and effect his testimony was that the Board did not act arbitrarily or maliciously, but that it accorded the plaintiff a fair hearing and based its order denying the application upon its conclusion that, under the facts plaintiff should not be granted a pension. They argue here that 'in view of the allegations of the petition, and the evidence introduced on the hearing on the plea to the jurisdiction' the Court had no jurisdiction to hear the case. The jurisdiction of a court is not to be determined on that basis. In passing on the plea to its jurisdiction the Court was not authorized to base its ruling upon the conclusion drawn from the evidence that the Board exercised a legitimate discretion in denying the pension and did not act arbitrarily and maliciously, as alleged. The question of whether or not the Board or the individual members thereof should be held liable for money paid into the pension fund is not a question to be determined in limine on a hearing of the plea to the jurisdiction."

Even on the basis of the facts heard on the motion to dismiss, there is nothing that shows that facts were deliberately falsified

to confer an ostensible jurisdiction. The procedure followed by the trial court would permit the defense issue to be pre-determined in advance of the plaintiff's right to develop his facts according to the order of proceedings stated in Rule 265, Texas Rules of Civil Procedure, relating to the trial of jury causes.

The judgment of the trial court is reversed and the cause remanded.