YANCEY RURAL HIGH SCHOOL DIST. NO. 16

v.

SCHWEERS et al.

No. 12652.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 10, 1954.

Rehearing Denied March 10, 1954.

245

J. C. Hinsley, Austin, for appellant.

Fly, Vance & Davis, Francis C. Richter, Hondo, John Ben Shepperd, Austin, Billy E. Lee, Houston, for appellees.

NORVELL, Justice.

This is an appeal from an order sustaining a plea to the jurisdiction of the district court and dismissing the cause. The appellant is Yancey Rural High School District No. 16, which is within the administrative jurisdiction of Medina County, although situated in both Frio and Medina Counties. The appellees are C. F. Schweers, County Superintendent of Public Instruction of Medina County, the County Board of School Trustees of Medina County, the parents and guardians of certain children involved in the transfer of scholastics hereinafter mentioned, the Hondo Independent School District (Medina County), and J. W. Edgar, State Commissioner of Public Instruction. The suit was filed by the Yancey District as plaintiff below and is described as an appeal from an order of the County Board of Trustees dated August 13, 1953, transferring sixteen scholastics from the Yancey District to the Hondo District, and a suit "for declaratory and injunctive relief."

On August 13, 1953, the County School Trustees of Medina County unanimously voted to grant the transfer of the scholastics here involved from the Yancey District to the Hondo District. Article 2696, Vernon's Ann.Civ.Tex.Stats., as amended by Acts, 1953, 53rd Legislature, p. 839, ch. 339, § 1, reads in part as follows:

"Any child lawfully enrolled in any district or independent district, may by order of the county superintendent, approved in writing, be transferred to the enrollment of any other district or independent district in the same county upon a written application of the parent or guardian or person having lawful control of such child, filed with the county superintendent, not later than June 1; provided that any dis-

trict or independent district being dissatisfied with any transfers made by approval in writing of the county superintendent may appeal from such action to the county board of trustees of said county who shall have the right to annul and cancel the transfer allowed by the county superintendent."

Article 2686, Vernon's Ann.Civ.Tex. Stats., provides that:

"All appeals from the decision of the County Superintendent of Public Instruction shall lie to the County Board of School Trustees, and should either party decide to further appeal such matters, they are here given the right to elect to appeal to any court having proper jurisdiction of the subject matter; or to the State Superintendent of Public Instruction as now provided by law, provided the election of which course of appeal the party or parties desire to pursue, shall be given within five days from the final decision of said County Board of School Trustees, provided this act shall not apply to any controversy now pending or to any orders of school authorities made more than five days before this act becomes effective."

 It is argued by appellees that as Article 2696 was a later enactment than Article 2686, which was last amended in 1927, Acts 40th Leg. p. 128, ch. 83, § 1, the provisions of said Article 2686, relating to appeals from the decisions of the County Board of Trustees have no application to actions of the Board in refusing to annul or cancel transfers of scholastics by the county superintendent. With this view we do not agree. The two enactments may be harmonized and repeals by implication are not favored. Cole v. State ex rel. Cobolini, 106 Tex. 472, 170 S.W. 1036; Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063. And, further, the present suit need not necessarily be regarded as an appeal. Injunctive relief against an allegedly void order is sought. It is shown that the amount involved brings the case within the jurisdiction of the district court.

We think this case is controlled by that of Jud v. City of San Antonio, 143 Tex. 303, 184 S.W.2d 821, which holds that a plea to the jurisdiction can not be made to serve the purpose of the abolished general demurrer. See, also, Pryor v. Universal C. I. T. Credit Corp., Tex.Civ.App., 253 S.W.2d 493.

The order appealed from is reversed and the cause remanded.