Charles GODWIN D/B/A Charles Godwin
Accordion Studios, Appellant,

v.

Jerry E. STANLEY et ux., Appellees.

No. 6929.

Court of Civil Appeals of Texas.
Amarillo.

Nov. 9, 1959.

Rehearing Denied Nov. 30, 1959.

J. P. Moseley and Burt Barr, Dallas, for appellant.

Witts, Geary, Hamilton & Brice, Dallas, for appellees.

NORTHCUTT, Justice.

This is an action brought by Jerry E. Stanley and wife, Garnet Stanley, as plaintiffs, against Charles Godwin, as defendant, to recover actual damages and exemplary damages because of an alleged assault committed by Charles Godwin upon Garnet Stanley. The trouble arose over the possession of an accordion. The defendant had sold the accordion to the plaintiffs and had retained a chattel mortgage thereon to secure the payment of the unpaid purchase price. The plaintiffs had become delinquent in their payments and the defendant went to the home of plaintiffs to collect and when the defendant was informed that the plaintiffs could not pay at that time the defendant attempted to take the accordion under the terms of his chattel mortgage authorizing him to take possession of the same when the payments were delinquent. Garnet Stanley refused to permit the defendant to take the instrument, and when the defendant attempted to get possession, regardless of Mrs. Stan-

ley's protests, the conflict between Mr. Godwin and Mrs. Stanley occurred.

The case was tried to a jury upon special issues. There were no exceptions to the court's charge and neither were there any requested special issues. The jury found that on the occasion in question Charles Godwin committed an assault and battery upon Mrs. Stanley and that Mr. Godwin acted with malice. The jury was asked by Special Issue No. 3 whether Mrs. Stanley provoked to any extent or degree the actions, if any, by Mr. Godwin. The jury answered "yes." In answer to Special Issues Nos. 4 and 5 the jury found that Mr. Godwin was not acting in self-defense at the time he committed the assault and battery on Mrs. Stanley and that Mrs. Stanley at the time in question was acting in defense of her possession of the accordion in question. The jury found $600 as actual damages and $900 as exemplary damages. Judgment was granted for the sum of $1,500 in favor of plaintiffs, appellees here, and from this judgment appellant appealed to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, at Dallas, and the case was transferred to this court by an order of the Supreme Court of Texas.

Appellant presents the appeal upon twelve assignments of error but we are of the opinion, under the appellant's contention, these points may be discussed under three points, namely: Insufficiency of the evidence or against the great weight and preponderance of the evidence, and no evidence; provocation on the part of the appellee, Mrs. Stanley and the right of appellant to use any and all reasonable force necessary to affect possession of the accordion.

We have carefully considered all of the evidence in connection with each and all of the assignments of the appellant complaining of the sufficiency of the evidence and against the great weight and preponderance of the evidence and no evidence and have determined that the verdict of the jury is not contrary to the overwhelming weight of the evidence, but that there is a sufficient and an abundance of evidence to sustain the verdict of the jury. As to the contention of appellant that the provocation brought about the difficulty and the appellant did only what was necessary in his self-defense we are unable to agree with such contention. Provocation means in law that treatment by another which arouses anger or passion and that does not enter at all into self-defense. We think this record clearly shows that the appellant went to the home of appellees with the idea of taking the accordion regardless of any protests on the part of the appellees. The appellant even contends in his brief here that he had the right to use any and all reasonable force necessary to effect possession of the accordion. As we see this record the only acts on the part of Mrs. Stanley in provoking the difficulty was in refusing to let Mr. Godwin have the accordion, and when he insisted on looking for the accordion, and Mrs. Stanley ordered him from her home, he refused to leave, but started into the bedroom and then she stepped into the door and refused to permit him to proceed—this is what provoked the difficulty. We think she had this right. Article 1142, Vernon's Ann.Penal Code of the State of Texas and Redmon v. Caple, Tex.Civ.App., 159 S.W.2d 210, (writ refused, want of merit). Appellant's own brother was unable to stop the appellant and a fight between the appellant and his brother resulted from the actions of appellant. If appellees were delinquent in their payments the appellant had a legal remedy to get possession of the accordion. The taking of such possession, however, must be by legal action or must be effected peaceably; that is, the exercise of force or violence will not be permitted. Gillett v. Moody, Tex.Civ.App., 54 S.W. 35; Pryor v. Universal C. I. T. Credit Corp., Tex.Civ.App., 253 S.W.2d 493; Gardner v. Associates Inv. Co., Tex.Civ.App., 171 S.W.2d 381 (writ refused, want of merit); Clow v. Gasteam Heating Co. v. Hixson, Tex.Civ.App., 67 S.W.2d 619 (writ dismissed). It

is definitely determined in this state that a mortgagee cannot use force or violence to recover the property mortgaged but has a right to peaceably take the property or resort to his legal rights in taking the same.

Judgment of the trial court is affirmed.