**Mary GRAY, Appellant,**

**v.**

**Leemon H. GRAY, Appellee.**

**No. 13898.**

Court of Civil Appeals of Texas.

Houston.

March 1, 1962.

Rehearing Denied March 22, 1962.

Divine, Musick & Bennett, C. C. Divine, Houston, for appellant.

Lee & Forbes, Arthur L. Forbes, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from a judgment dismissing a suit for divorce for want of jurisdiction.

Mary Gray filed suit for divorce and for certain ancillary relief, including temporary child support. Leemon H. Gray answered with an unsworn plea to the jurisdiction of the court, alleging that the plaintiff and the defendant were not married. At a hearing on temporary child support, the court first heard the plea to the jurisdiction and dismissed the case.

Appellant urges that the trial court erred in sustaining the plea to the jurisdiction, and thereby disposing of the entire case, at the ancillary hearing.

■ A suit for divorce presumes a valid marriage. Garcia v. Garcia, 232 S.W.2d 782, Tex.Civ.App. At the trial on the merits the plaintiff must prove by a preponderance of the evidence that she was married to the defendant. Ex parte Threet, 333 S.W.2d 361, Tex.Sup.Ct.

"It is familiar law that jurisdiction is the power to hear and determine a controversy. * * *

"It would seem that the defendants have proceeded upon the theory that they could establish want of jurisdiction in the Court by showing upon a hearing on the plea to the jurisdiction that certain fact allegations were untrue. They did not stand upon the proposition in the trial court that, as a matter of law on the face of the pleadings, the Court had no potential jurisdiction to hear the case. Their plea contemplated a hearing on the facts * * *. They argue here that 'in view of the allegations of the petition, and the evidence introduced on the hearing on the plea to the jurisdiction' the Court had no jurisdiction to hear the case. The jurisdiction of a court is not to be determined on that basis. In passing on the plea to its jurisdiction the Court was not authorized to base its ruling upon the conclusion drawn from the evidence that * * *." Jud v. City of San Antonio, 143 Tex. 303, 184 S.W.2d 821.

"The jurisdiction of the court cannot be defeated when the case stated in the petition is within its jurisdiction, unless it is made to appear that the allegations upon which the jurisdiction depends were fraudulently inserted in the petition for the purpose of conferring the jurisdiction. Such fraud exists when the jurisdictional averments are not only untrue, but are made by the pleader for the purpose of deceiving, and without being believed to be true." Hoffman v. Cleburne Bldg. & Loan Ass'n et al., 85 Tex. 409, 22 S.W. 154.

■ Defendant has not contended that plaintiff's allegation of a valid common law marriage was fraudulently made for the purpose of conferring jurisdiction on the trial court. Since plaintiff has alleged a cause of action within the potential jurisdiction of the trial court, no issue has been raised which properly may be determined by hearing evidence in a preliminary trial. C. R. Garner Co. v. Riley, 238 S.W. 953, Tex.Civ.App.; McDonald, Texas Civil Practice, Vol. 2, § 7.07, pp. 618, 619.

■ The evidence of an undissolved ceremonial marriage between defendant and a third party contracted prior to the alleged common law marriage constitutes a matter of defense on the merits. Such evidence, if believed by the trial court, would defeat plaintiff's requested temporary relief, Ex parte Threet, supra, but it could not authorize the dismissal of plaintiff's entire suit.

The judgment of the trial court is reversed and remanded.