**Robert ISOM, Appellant,**

v.

**CITY OF LUBBOCK, Appellee.**

No. 5497.

Court of Civil Appeals of Texas, Eastland.

Oct. 30, 1980.

Rehearing Denied Nov. 26, 1980.

Floyd D. Holder, Jr., Holder & Medina, Lubbock, for appellant.

Donald G. Vandiver, Asst. City Atty., Lubbock, for appellee.

RALEIGH BROWN, Justice.

Robert Isom and James G. Marshall sought relief by a bill of review challenging the validity of a judgment rendered in another suit in the same district court. Pursuant to City of Lubbock's motion, the cause was dismissed. Only Robert Isom appeals. We reverse and remand.

City of Lubbock in cause number 92,070 sought a declaratory judgment under the

provisions of Tex.Rev.Civ.Stat.Ann. art. 717m (1964) declaring the validity of the City's authority to issue certain securities. A judgment validating the sale of the securities was entered. Isom intervened in said cause, fully participated at all stages of the trial, but took no appeal from the judgment.

Isom, instead, instituted the instant suit attacking that judgment by a bill of review. City of Lubbock responded by filing a plea to the jurisdiction on the ground that plaintiff had not pled a cause of action. After considering the pleadings and the argument of counsel, the trial court dismissed the bill of review.

Isom contends that the court erred in dismissing his petition "without an evidentiary hearing because the allegation in the petition conferred jurisdiction" and the court erred "in dismissing on special exception without granting leave to amend the pleadings."

City of Lubbock argues that the dismissal was clearly based on a lack of jurisdiction and not on the special exceptions because the order specifically stated "the special exceptions were not heard." It further contends:

That Appellant's pleadings meet the requirements for neither a collateral attack nor for a bill of review and that he therefore had not pled sufficiently to confer jurisdiction upon the Trial Court. Further, Appellee would say that under the facts of this case, there was no way the requirements for either a collateral attack or a bill of review could have been truthfully pleaded.

We understand the City's jurisdictional challenge to Isom's bill of review to be one of the nonavailability of the remedy.

The trial court in its order stated:

Defendant City of Lubbock challenged the jurisdiction of this Court on grounds that Plaintiffs had not pled a cause of action and presented the following matters for consideration by this Court:

1. That there does not exist a cause of action "in the nature of a bill of review"

which would serve to excuse Plaintiffs from pleading the requirements for a bill of review where the subject matter jurisdiction of the Court in Cause 92,070 is challenged on matters outside the record in that case.

2. That Plaintiffs' pleadings, taken together and with all allegations taken as being correct, fail to plead the requirements necessary to sustain a bill of review in consideration of the record in the present Cause and Cause 92,070. Defendant City of Lubbock argues that Plaintiffs fail in the following respects:

a. They fail to plead with particularity that the prior Cause probably would be reversed on appeal and the reasons therefor.

b. They fail to plead or show that they were prevented from having their appeal in Cause 92,070 by fraud, accident wrongful act of the other or mistake of an officer of the court in an official function.

c. They fail to plead and show that such failure to appeal was unmixed with any fault or negligence of their own.

d. Their pleadings show on their face that Plaintiffs were negligent as a matter of law in not availing themselves of the provisions of Rule 355 of the Texas Rules of Civil Procedure in Cause 92,070.

 We hold that such language clearly indicates that the trial court was sustaining a plea in bar, and if that is the reason for the dismissal, the court erred in dismissing the cause. As stated by the court in *Kelley v. Bluff Creek Oil Company*, 158 Tex. 180, 309 S.W.2d 208 (1958):

Defenses "in bar" are not the proper subject matter of disposition on mere preliminary hearing before the court like pleas in abatement, although a speedy and final judgment may be obtained on the basis of matters in bar and without the formality of a trial on the merits, if the parties so agree or if recourse is had to the process of summary judgment where contested fact issues are not present.

The practice of misnaming a plea in bar in order to procure a preliminary trial as if the plea were one in abatement is confusing and not to be encouraged.

The court in its order also announced:

That Plaintiffs were barred from this action challenging the judgment in Cause 92,070 by reason of the provisions of Sec. 8 of art. 717m, which in conjunction with other sections of that statute provides a particular method of appeal which must be followed in such cases and which has not been followed by Plaintiffs.

The order was signed the 28th day of June, 1979. Article 717m had been repealed by Article 717m–1 effective June 6, 1979. Section 8 of Article 717m, speaking of the binding effect of a decree entered in such a proceeding, provided in part:

Such decree shall, as to all matters adjudicated, be forever binding and conclusive, against the petitioner and all other parties to the cause, whether mentioned in and served with said notice of the proceedings, or included in the description "all property owners, taxpayers, citizens and others having or claiming any right, title or interest in any properties or funds to be affected by the issuance of the Securities or affected in any way thereby," and shall constitute a permanent injunction against the institution by any person of any action or proceeding contesting the validity of the bonds, notes or other evidences of indebtedness described in the petition, or the validity of provisions made for the payment of the same or of interest thereon.

Section 10 of Article 717m–1 has substantially the same language. It now provides:

The judgment shall, as to all matters adjudicated, or which could have been raised in the proceedings, be forever binding and conclusive against the public agency, the attorney general, the comptroller of public accounts, and all parties to the cause, whether mentioned in and served with the notice of the proceedings, or included in the description, "all taxpayers, property owners, and residents, if any, of the public agency and all nonresidents, if any, owning property therein, and all others having or claiming any right, title, or interest in any properties or funds to be affected by the proceedings and/or the issuance of the securities, or interested or affected in any way thereby, or by the proceedings, including all actions and expenditures of funds, taken or made and/or proposed to be taken or made in connection with or affecting the securities," and shall constitute a permanent injunction against the institution by any person or entity of any action or proceedings contesting the validity of the proceedings and/or securities described in the petition, or the validity of provisions made for the payment of the same, or of interest thereon, or any matters adjudicated by the judgment, or which could have been raised in the proceedings.

■ The issue then becomes: does the fact that the statute makes the judgment, after no appeal or affirmance on appeal, "forever binding and conclusive" . . . "and shall constitute a permanent injunction against the institution by any person or entity of any action or proceedings contesting the validity of the proceedings" deny the district court jurisdiction to entertain a bill of review? Whether Isom might be successful in such action is not before this court.

The court in *Jud v. City of San Antonio,* 143 Tex. 303, 184 S.W.2d 821 (1945) said:

It is familiar law that jurisdiction is the power to hear and determine a controversy, which of course, includes the power to decide whether or not a pleading filed in the court is sufficient to state a cause of action as against the exceptions filed thereto.

This court in *Dunklin v. Land,* 297 S.W.2d 360 (Tex.Civ.App.—Eastland 1956, no writ) said:

A bill of review is an equitable proceeding and when properly brought is a direct attack on a judgment. To constitute a direct attack by such a proceeding it is necessary that the suit be brought in the same court in which the judgment was

taken and all parties thereto be included in the attempted bill of review.

In the instant case it is undisputed that the suit was brought in the same court and that the proper parties are included in the suit. Therefore, the court had the power to hear and determine the controversy. See *Deen v. Kirk*, 508 S.W.2d 70 (Tex.1974).

Since the statute merely authorizes a procedure to prevent further litigation by injunction and does not take away the power of the court to act, we hold the court erred in dismissing Isom's cause of action. 4 McDonald, Texas Civil Practice § 17.17 (rev. 1971).

The judgment is reversed and the cause remanded.