

# NUMBER 13-24-00255-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE MATTER OF MARRIAGE OF VERONICA GONZALEZ SAN EMETERIO AND RODRIGO GARCIA GONZALEZ

## ON APPEAL FROM THE 467TH DISTRICT COURT OF DENTON COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West
Memorandum Opinion by Justice West**

Appellant Veronica Gonzalez San Emeterio (Ex-Wife) challenges the trial court's order granting appellee Rodrigo Garcia Gonzalez's (Ex-Husband) plea to the jurisdiction and dismissing the case. In the order, the trial court recognized the couple's divorce decree rendered in Mexico and concluded that it lacked subject matter jurisdiction over the underlying divorce proceeding because the parties were no longer married. Ex-Wife argues by four issues, which we reorder, that the trial court erred when it concluded that it did not have subject matter jurisdiction because (1) Ex-Husband's plea to the jurisdiction

was improperly pleaded, and instead, he was required to raise the issue as an affirmative defense of res judicata, (2) "whether the spouses were no longer married was not a factual or legal issue outside the scope of the [trial court]'s subject matter jurisdiction," (3) Ex-Husband failed to comply with the notice requirements of Texas Rule of Civil Procedure 308b, and (4) the Mexican divorce judgment violated her due process rights. Because we conclude that the trial court did not abuse its discretion when it recognized the Mexican divorce judgment, we affirm.

## I. BACKGROUND[1]

The parties were married in Mexico on August 5, 1989, and later moved to Texas. On December 7, 2020, Ex-Husband filed a no-fault divorce petition in Family Court 1, Cholula, Puebla, Mexico. On May 25, 2021, Ex-Wife filed the underlying divorce suit. On January 3, 2022, Ex-Husband filed an answer and a counter petition for divorce.[2] Both parties alleged they had been domiciled in Texas for the preceding six-month period and were residents of Denton County for the preceding ninety days. Both parties sought a disproportionate share of the parties' estate. Neither petition mentioned the concurrent divorce proceeding in Mexico.

The Mexican family court granted Ex-Husband's no-fault divorce petition on February 23, 2022.[3] Ex-Wife, acting pro se, timely appealed the divorce judgment. Ex-Wife alleged that she was not properly served and requested that the divorce be voided.

---

[1] This case is before this Court on transfer from the Second Court of Appeals in Fort Worth pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001.

[2] In his counter petition, Ex-Husband also asserted a third-party action against Laser Beam Logistics, LLC.

[3] The Mexican court documents were translated into English and copies of both the Spanish and English versions were attached to Ex-Husband's plea to the jurisdiction. We derive the facts of the Mexican divorce proceedings from these documents.

2

On August 18, 2023, the Mexican appellate court affirmed the divorce judgment. The appellate court found that Ex-Wife's "fundamental right to a hearing . . . was violated" because service of process was defective. Specifically, the process server's return stated that Ex-Wife "was served and summonsed with non-certified copies of the complaint" and ninety-six pages of documents, but the record indicated that she was served with the complaint and only forty-six pages of attached documents. However, because under Mexican law "the will of only one of the spouses is sufficient for the court to declare the dissolution of the marriage" in a no-fault divorce proceeding, the Mexican appellate court held that Ex-Husband was entitled to the divorce, and the divorce judgment could not be voided. It also concluded that the divorce judgment left the parties' other "rights intact" so that "they may assert [the rights] through the respective auxiliary proceedings."

On October 13, 2023, Ex-Husband filed a notice of non-suit and plea to the jurisdiction and motion to dismiss the underlying suit. Ex-Husband alleged that the parties were divorced in Mexico, and, therefore, the trial court lacked subject matter jurisdiction over the proceedings because the parties were not currently married.[4] Attached to the motion were the Mexican divorce judgment and appellate court opinion.

Ex-Wife filed a response. Pertinent here, she argued that the trial court was not obligated to give "full faith and credit" to the Mexican divorce judgment because "[t]he validity of the Mexican [j]udgment [wa]s disputed." She also argued that Ex-Husband had to raise the Mexican divorce judgment as an affirmative defense of res judicata, and

---

[4] Prior to Ex-Husband's plea, the only other time the Mexican divorce proceedings were referenced was in Ex-Husband's "Response to Motion to Appoint Receiver" filed on January 3, 2023. Ex-Husband opposed the appointment of a receiver for the couple's company, HolBox, LLC, in part because "[Ex-Wife] and [Ex-Husband] are parties to a divorce proceeding in Mexico, which divorce proceeding was filed prior to this suit, and is still pending."

because he had not, he waived the issue. She further argued that Ex-Husband waived the issue because under Texas Rule of Civil Procedure 308b, he could only seek enforcement of the Mexican divorce within "60 days of filing an original pleading." *See* TEX. R. CIV. P. 308b(d)(1) ("Within 60 days of filing an original pleading, the party seeking enforcement [of a foreign judgment in certain suits under the family code] must give written notice to the court and all parties that describes the court's authority to enforce or decide to enforce the [foreign] judgment or award.").

The trial court held a hearing on the motions on March 6, 2024. Ex-Husband argued that the trial court should recognize the Mexican divorce judgment because Ex-Wife did not argue that she was not served but merely appealed "a deficiency in the number of pages she was served with." Ex-Husband also stated:

> [Ex-Wife] goes on to state that, well, in Texas, though, one cannot get a divorce without including property. That's true in Texas. Not necessarily true everywhere else. . . . We're simply here on a petition for divorce where a divorce has already been granted [and no property decree]. And because of that divorce having been granted, because of it having gone up on appeal in that jurisdiction and being affirmed, we're simply asking the Court to recognize that this Court does not have jurisdiction to grant a divorce and, since that is the only pleading on file, to dismiss this case.

Ex-Husband also contended that Rule 308b was inapplicable:

> 308b, Your Honor, is an enforcement rule by nature. It's—it's not what we're seeking. No one has any pleadings on file seeking to enforce a judgment. We're simply saying, Your Honor, there is a valid judgment that was rendered elsewhere; therefore, there is no jurisdiction for this Court to grant a divorce. Therefore, since that is the only requested relief, the case should be dismissed.

The trial court granted Ex-Husband's plea to the jurisdiction and dismissed the case. In the order, the trial court found that the parties were divorced in Mexico on

4

February 23, 2022, and the judgment of the Mexican appellate court "unanimously" affirmed the divorce. The trial court concluded:

1.     No marriage existed at the time [Ex-Wife] filed her Original Petition for Divorce, or currently exists.

2.     This Court does not have subject-matter jurisdiction over this Family Code Chapter 6 suit for dissolution of marriage in light of the prior Mexican Family Court 1's Judg[]ment of Divorce.

3.     The Mexican Appellate Court's decision affirming the dissolution of marriage of the parties is deserving of respect and comity in this case.[5]

This appeal ensued.

## II.     STANDARD OF REVIEW

"A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We review a trial court's ruling on a plea to the jurisdiction de novo. *Id.*

"A valid marriage must exist for a trial court to have subject-matter jurisdiction over a suit for the spouses' divorce." *Fuentes v. Zaragoza*, 555 S.W.3d 141, 153 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (citing *Gray v. Gray*, 354 S.W.2d 948, 949 (Tex. App.—Houston 1962, writ dism'd)). "If a marriage previously was legally dissolved, then the court lacks subject-matter jurisdiction to again dissolve that marriage." *Id.* at 153–54 (string

---

[5] A fourth conclusion was stricken out: "The courts of Mexico provide due process to litigants and Petitioner's due process rights were observed in the multiple Mexican court proceedings regarding the dissolution of the marriage."

citing cases in which a suit for divorce was dismissed for lack of subject-matter jurisdiction because the parties were no longer married).

"Comity is a principle under which the courts of one state give effect to the laws of another state or extend immunity to a sister sovereign not as a rule of law, but rather out of deference or respect." *Hawsey v. La. Dep't of Soc. Servs.*, 934 S.W.2d 723, 726 (Tex. App.—Houston [1st Dist.] 1996, writ denied); *see* TEX. R. CIV. P. 308b(a)(1) ("*Comity* means the recognition by a court of one jurisdiction of the laws and judicial decisions of another jurisdiction."); *K.D.F. v. Rex*, 878 S.W.2d 589, 593 (Tex. 1994) (orig. proceeding). "States, however, are not required to give full faith and credit to foreign country judgments; dismissal based on comity is a matter of discretion." *Azhar v. Choudhri*, No. 01-20-00169-CV, 2023 WL 5615810, at *9 (Tex. App.—Houston [1st Dist.] Aug. 31, 2023, pet. denied) (mem. op.) (citations omitted); *see Griffith v. Griffith*, 341 S.W.3d 43, 54 (Tex. App.—San Antonio 2011, no pet.) ("Being voluntary and not obligatory, the application of comity vests in the sound discretion of the tribunal of the forum." (quoting *Nowell v. Nowell*, 408 S.W.2d 550, 553 (Tex. App.—Dallas 1966, writ dism'd)). "Because courts have discretion over whether to dismiss or abate a case on the basis of comity, we review whether the trial court should have deferred to the Mexican courts for an abuse of discretion." *Fuentes*, 555 S.W.3d at 160.

"Recognition of a foreign judgment in the absence of due process constitutes an abuse of discretion." *Ashfaq v. Ashfaq*, 467 S.W.3d 539, 541 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *In re the Marriage of Sabir*, No. 05-23-00837-CV, 2024 WL 3507200, at *2 (Tex. App.—Dallas July 23, 2024, no pet.) (mem. op.). "[D]ue process requires that no other jurisdiction shall give effect, even as a matter of comity, to a judgment elsewhere

acquired without due process." *Ashfaq*, 467 S.W.3d at 541 (quoting *Griffin v. Griffin*, 327 U.S. 220, 228 (1946)). "Due process at a minimum requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Mosley v. Tex. Health & Hum. Servs. Comm'n*, 593 S.W.3d 250, 265 (Tex. 2019).

### III.    APPLICABLE LAW

Texas Rule of Civil Procedure 308b "applies to the recognition or enforcement of a judgment or arbitration award based on foreign law in a suit involving a marriage relationship or a parent-child relationship under the Family Code." TEX. R. CIV. P. 308b(b)(1). The statute provides various notice and hearing requirements. "Within 60 days of filing an original pleading, the party seeking enforcement [of the foreign judgment] must give written notice to the court and all parties that describes the court's authority to enforce or decide to enforce the [foreign] judgment or award." *Id.* R. 308b(d)(1). The party opposing enforcement of the foreign judgment must, "[w]ithin 30 days of the date that a notice under [(d)](1) is served," give the court and all parties a written response explaining the basis for party's opposition and stating "whether the party asserts that the judgment or award violates constitutional rights or public policy." *Id.* R. 308b(d)(2). "Within 75 days of the date that a notice under (d)(1) is served, the court must hold a pretrial conference to set deadlines and make other orders regarding: (1) the submission of materials for the court to consider in determining foreign law, (2) the translation of foreign-language documents, and (3) the designation of expert witnesses." *Id.* R. 308b(e). The court must then "conduct a hearing on the record to determine whether to enforce the judgment or award" and issue a written order on the determination that includes findings of fact and conclusions of law. *Id.* R. 308b(f)(1)–(2). The court may issue any order necessary to

7

preserve the principles of comity while protecting against violations of constitutional rights and public policy. *Id.* R. 308b(f)(3). In keeping with these requirements, the court must independently determine whether to enforce the judgment even if no party opposes enforcement. *Id.* R. 308b(f)(4).

## IV.    DISCUSSION

By four issues, Ex-Wife argues that the trial court erred when it granted comity to the Mexican divorce judgment and subsequently concluded that it lacked subject-matter jurisdiction over the underlying divorce suit. We address each argument in turn.

### A.    Res Judicata or Subject-Matter Jurisdiction

By her first issue, Ex-Wife argues that the trial court erred because it "could not use the [Mexican divorce] [j]udgment as a jurisdictional basis for lack of subject[-]matter jurisdiction and dismissal of the case." She contends that Ex-Husband was required to raise the existence of the Mexican divorce certificate as an affirmative defense of res judicata, and because he failed to do so, he waived his right to enforce the Mexican divorce judgment.

Ex-Wife relies on *Estate of Riefler* for authority. No. 02-19-00189-CV, 2020 WL 7063486 (Tex. App.—Fort Worth Dec. 3, 2020, no pet.) (mem. op.). *Riefler* involved an action for attorney's fees arising out of an earlier dispute in a probate case. *Id.* at *1. The appellant argued that the county court at law in the underlying suit lacked jurisdiction to grant the appellee's requested attorney's fees because the judgment in the earlier probate litigation "lacked any mention of attorney's fees." *See id.* at *4. The Forth Worth court of appeals rejected the appellant's argument because the appellant had attempted to reframe his argument "as a question of jurisdiction," yet his issue was that of res judicata

8

or collateral estoppel. *Id.* Res judicata is an affirmative defense that must be expressly pleaded, or it is waived on appeal. *Id.* The court concluded that because the appellant "did not properly plead res judicata or collateral estoppel" at the trial level, he waived the issue on appeal. *Id.* at *4–5.

*Riefler* is distinguishable from this case because it is not a divorce case, and it does not involve a court's authority to recognize a foreign judgment as a matter of comity. *See id.* We find no authority that a party seeking to enforce a foreign divorce judgment must raise it as an affirmative defense or else the issue is waived. In fact, Texas courts have consistently treated the issue of whether to recognize a foreign divorce judgment as matter of comity as a jurisdictional issue. *See Fuentes*, 555 S.W.3d at 153 ("A valid marriage must exist for a trial court to have subject-matter jurisdiction over a suit for the spouses' divorce."); *Ashfaq*, 467 S.W.3d at 544 (holding that the trial court did not abuse its discretion in granting comity to the foreign divorce decree and dismissing the petition for divorce for lack of subject-matter jurisdiction); *Azhar*, 2023 WL 5615810, at *11 (same); *Nikolenko v. Nikolenko*, No. 01-20-00284-CV, 2022 WL 479988, at *7 (Tex. App.—Houston [1st Dist.] Feb. 17, 2022, pet. denied) (mem. op.) (holding that the trial court did not abuse its discretion in denying comity to the foreign divorce decree, and holding that the trial court had subject-matter jurisdiction); *Duruji v. Duruji*, No. 14-05-01185-CV, 2007 WL 582282, at *4–5 (Tex. App.—Houston [14th Dist.] Feb. 27, 2007, no pet.) (mem. op.) (same). Accordingly, we overrule Ex-Wife's first issue.

Relatedly, by her second issue, Ex-Wife argues that the trial court erred when it concluded that it did not have subject-matter jurisdiction because the existence of the Mexican divorce judgment "is not a jurisdictional fact nor is the determination of that issue

9

outside of a district court's general jurisdiction." Because we have already concluded that Texas courts generally treat recognition of a foreign divorce judgment as a jurisdictional issue, we overrule Ex-Wife's second issue. *See Fuentes*, 555 S.W.3d at 153.

**B.     Rule 308b Notice Requirements**

By her third issue, Ex-Wife argues that the trial court erred when it granted comity to the Mexican divorce judgment and concluded that it did not have subject-matter jurisdiction because Ex-Husband failed to follow the notice requirements under Texas Rule of Civil Procedure 308b. *See* Tex. R. Civ. P. 308b(d)(1). Ex-Husband argues that Ex-Wife waived this issue, or he complied with Rule 308b's notice requirements.

We agree with Ex-Wife that 308b applies to this case. Ex-Husband's plea to the jurisdiction alleged that the trial court lacked subject-matter jurisdiction over the parties because the parties were not currently married and had been divorced in Mexico. He attached translated, certified copies of the Mexican family court divorce judgment and the Mexican appellate court decision. He requested that the trial court dismiss the case as a result of the divorce proceedings in Mexico. In other words, Ex-Husband sought recognition or enforcement of the Mexican divorce. Therefore, Ex-Husband invoked Rule 308b in his plea to the jurisdiction. *See id.* R. 308b(b)(1); *Fuentes*, 555 S.W.3d at 160–61 (providing that Rule 308b applied to whether the trial court could grant comity to the foreign divorce judgment at issue in the case).

However, the trial court seemingly accepted that Rule 308b did not apply because the trial court failed to follow the procedural components of the statute. The trial court failed to "conduct a pretrial conference to set deadlines and make other appropriate orders regarding: (1) the submission of materials for the court to consider in determining

foreign law; (2) the translation of foreign-language documents; and (3) the designation of expert witnesses." Tᴇx. R. Cɪᴠ. P. 308b(e). For example, Ex-Husband maintained in his plea to the jurisdiction that the Mexican courts "ha[d] continuing, exclusive jurisdiction," yet provided no law on the subject or expert witness to prove the assertion. *See id.*

But Ex-Wife does not challenge on appeal the adequacy of the trial court's procedures under Rule 308b. In fact, she equates the hearing on the plea to the jurisdiction as a hearing under Rule 308b(f)(1) and states in her appellate brief that the trial court "found that Rule 308b applied" because its order concluded that the Mexican divorce proceedings were deserving of respect and comity. *See id.* R. 308b(f)(1)–(4) (providing that the trial court is required to "conduct a hearing on the record to determine whether to enforce the judgment or award" and issue a written order determining "whether to enforce the [foreign] judgment"). Instead, she merely argues that because Ex-Husband failed to follow the notice requirements under 308b(d)(1), this Court should reverse and find that Ex-Husband waived the issue. Notably, Ex-Wife has never alleged or complained that Ex-Husband's untimely notice prejudiced her from arguing against enforcement of the Mexican divorce judgment or prevented her from defending her position.

As Ex-Wife concedes in her appellate brief, there is no direct authority on whether a party may waive their right to seek recognition of a foreign judgment in a suit involving the marriage relationship under Rule 308b. Moreover, there is no direct authority explaining what the consequences are when a party fails to comply with the notice requirements under Rule 308b. Ex-Wife argues that Texas Civil Practices and Remedies Code section 150.002 is "analogous," and under that statute, "a defendant's right to seek dismissal of a plaintiff's claim can be waived by conduct."

11

Section 150.002, however, is not analogous. It does not involve the marriage relationship, comity, or family law. *See* TEX. CIV. PRAC. & REM. CODE § 150.002. The statute involves the certificate of merit requirement in actions or arbitration proceedings "for damages arising out of the provision of professional services by a licensed or registered professional." *Id.* § 150.002(a). "The statute acts as a procedural bar for claims without a certificate of merit." *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 393 (Tex. 2014). The Texas Supreme Court has specifically held that section 150.002 is non-jurisdictional, and, therefore, waivable. *Id.* at 393. In contrast, a trial court's determination to recognize a foreign divorce judgment under Rule 308b is a jurisdictional issue, and subject-matter jurisdiction may not be waived. *See id.*; *Fuentes*, 555 S.W.3d at 153.

Even if we assume that Ex-Husband failed to timely file for enforcement of the Mexican divorce judgment, we are unpersuaded by Ex-Wife's argument that the proper remedy is to find that Ex-Husband waived the issue of comity and render the Mexican divorce judgment unenforceable—thus conferring subject-matter jurisdiction on the trial court to grant the underlying divorce. Accordingly, we overrule Ex-Wife's third issue.

## C.    Alleged Due Process Violation

By her last issue, Ex-Wife argues that the trial court abused its discretion when it granted comity to the Mexican divorce judgment because the judgment "violated the United States and Texas Constitutional guarantees and Texas public policy."[6] Ex-Wife

---

[6] Ex-Husband argues that Ex-Wife waived this issue because she "improperly attacks the trial court's conclusions of law[] on the basis of factual sufficiency," and Ex-Wife failed to make "make a request for findings of fact and conclusions of law pursuant to Texas Rule of Civil Procedure 296, nor did she request additional or amended findings of fact and conclusions of law pursuant to Texas Rule of Civil Procedure 298." We will assume without deciding that Ex-Wife has preserved this issue on appeal.

contends that service of process in the Mexico proceedings was defective and that the Mexican appellate court's opinion "conclusively establishes that there was a lack of strict compliance with what is required under Rule 106 for valid service." She argues that because service did not strictly comply with the service rules under Texas law, her due process rights were violated, and the trial court erred when it recognized the Mexican divorce judgment.

We reject Ex-Wife's contention that a foreign court's failure to strictly follow Texas service rules de facto means a violation of due process or violation of Texas public policy. Rule 308b says nothing about the standards the Texas court is required to apply. *See* TEX. R. CIV. P. 308b(b)(1); *Marriage of Sabir*, 2024 WL 3507200, at *2 (noting that "the Pakistani court was not required to comply with Texas law or procedure" to satisfy due process requirements). Further, courts have upheld a trial court's comity determination even where the complaining spouse was not served in strict compliance with Texas law. *See Ashfaq*, 467 S.W.3d at 543 (holding that the trial court acted within its discretion when it found that the Pakistani divorce decree was not obtained in violation of wife's due process rights, even though wife was not personally served and there was conflicting evidence as to whether husband timely served wife in the Pakistani proceedings); *Azhar*, 2023 WL 5615810, at *10–11 (overruling wife's argument that she was denied due process as "she was not personally served and did not receive proper notice of the Pakistani divorce" in part because she did not challenge the trial court's conclusion of law that the Pakistan Supreme Court decision over the couple's divorce controlled).

This case is also distinguishable from cases in which the trial court declined to recognize a foreign divorce judgment because it violated a spouse's due process rights.

In those cases, there was evidence that the spouse opposing enforcement of the foreign judgment never received notice of said judgment, or there was evidence that the foreign judgment was fraudulent. *See Fuentes*, 555 S.W.3d at 154–55 (holding that the trial court did not abuse its discretion in declining to recognize prior foreign divorce decree because there was evidence that the foreign judgment was fraudulent); *Marriage of Sabir*, 2024 WL 3507200, at *2–3 (same, where "the record lack[ed] evidence of any notice to Wife of the Pakistani proceedings until after a judgment was rendered, and therefore, Wife was deprived of minimum due process"); *Nikolenko*, 2022 WL 479988, at *7 (same, where wife "testified at trial that she was never served in the Russian divorce proceeding, and the Russian divorce decree itself notes that [wife] did not 'receive[ ] legal notice'"); *Duruji*, 2007 WL 582282, at *4–5 (same, where wife alleged that "she was never served with any pleadings in the [Nigerian] divorce action, and she did not learn about the alleged Nigerian decree until [husband] filed it with his answer in the Texas divorce action," and "nothing in the exhibits admitted into evidence demonstrate[d] proper service on [wife]"); *cf. Telegina v. Nechayuk*, No. 09-22-00383-CV, 2024 WL 5080262, at *10–11(Tex. App.— Beaumont Dec. 12, 2024), *supplemented*, No. 09-22-00383-CV, 2025 WL 52479 (Tex. App.—Beaumont Jan. 9, 2025, no pet.) (mem. op.) (holding that the trial court did not abuse its discretion when it recognized the Russian divorce decree because the record indicated that wife had notice and voluntarily participated in the Russian divorce proceedings).

In contrast to these cases, Ex-Wife does not argue that she was never served or did not have notification of the Mexican divorce proceedings, that she could not fairly participate in the Mexican proceedings, or that the Mexican proceedings or divorce

14

judgment were fraudulent. From the above precedent, we cannot find that the trial court abused its discretion. *See Fuentes*, 555 S.W.3d at 154–55; *Ashfaq*, 467 S.W.3d at 543; *Marriage of Sabir*, 2024 WL 3507200, at *2–3; *Nikolenko*, 2022 WL 479988, at *7; *Duruji*, 2007 WL 582282, at *4–5; *cf. Telegina*, 2024 WL 5080262, at *10–11. We overrule Ex-Wife's last issue.

## V.   CONCLUSION

The trial court's judgment is affirmed.

JON WEST
Justice

Delivered and filed on the
9th day of April, 2026.