Barton B. **GILLMAN,** Individually, et al., Relators,

v.

The Honorable Mark **DAVIDSON,** Judge of the 11th District Court, Harris County, Texas, Respondent.

No. 01–96–01106–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 18, 1996.

David W. Holman, Alice Oliver–Parrott, Alan F. Levin, Samuel J. Blustein, Houston, for relators.

Lee L. Kaplan, Michael A. Pohl, Sam W. Cruse, Robin C. Gibbs, Houston, for respondent.

Before SCHNEIDER, C.J., and COHEN, MIRABAL, WILSON and TAFT, JJ.

### EN BANC OPINION

PER CURIAM.

On September 30, 1996, the Court granted relator's motion for rehearing en banc of its motion for leave to file a petition for writ of mandamus, and granted leave to file. After consideration of the case en banc, a majority

of the Court has come to the conclusion that leave to file was improvidently granted.

We **OVERRULE** relator's petition. We rescind our order of September 19, 1996, staying Judge Davidson's order compelling arbitration.

It is so **ORDERED.**

HEDGES, J., dissents.

HUTSON–DUNN, O'CONNOR and ANDELL, JJ., join the dissent.

HEDGES, Justice, dissenting.

I respectfully dissent. Barton Gillman, relator and plaintiff in the trial court, filed a petition for writ of mandamus, asking this Court to (1) direct respondent Judge Mark Davidson to vacate his order of August 28, 1996, compelling the parties to arbitrate their dispute; and (2) dismiss the entire cause of action without prejudice, based on relator's timely nonsuit. I would grant the petition.

Barton and Ramsay Gillman are brothers who took over a number of business enterprises after their father died, including several car dealerships. In 1996, Barton, individually and on behalf of various Gillman companies (collectively, Barton), filed suit against Ramsay and various other Gillman companies (collectively, Ramsay), asserting claims arising out of their business dealings. Ramsay filed a general denial in which he asserted no causes of action or counterclaims. Ramsay also filed a motion to compel arbitration and stay litigation. In response, Barton sought to stay arbitration.

The Honorable Mark Davidson signed an order in July directing the parties to engage in the informal dispute resolution process specified in the business agreement between the parties. Judge Davidson also ruled that if the informal dispute resolution was unsuccessful, Barton would be permitted to conduct limited discovery and the court would "reconsider" the opposing motions to compel and to stay arbitration. On August 20, 1996, Barton nonsuited all claims pursuant to rule 162 of the Rules of Civil Procedure. On the same day, Judge Davidson signed an order dismissing all claims without prejudice. On August 28, 1996, after granting Barton's non-

suit, Judge Davidson reinstated the case on Ramsay's motion for emergency clarification, determined after a hearing that there were claims pending, and ordered the parties to arbitration, and once again dismissed all of Barton's claims. The fallacy of this course of action is that once Barton filed his nonsuit, there were no claims remaining to be resolved, the dispute between the parties evaporated, and the trial court no longer had subject matter jurisdiction.

A plaintiff has an absolute, unqualified right to take a nonsuit before he introduces all of his evidence, as long as the defendant has not made a claim for affirmative relief. TEX.R.CIV.P. 162; *BHP Petroleum Co. v. Millard,* 800 S.W.2d 838, 840 (Tex.1990). A plaintiff's reasons for nonsuiting his claims are immaterial—a nonsuit may be taken to avoid an adverse outcome. *Smith v. Columbian Carbon Co.,* 198 S.W.2d 727, 728 (Tex. 1947). If there is no pending claim for affirmative relief, a trial court's refusal to grant the nonsuit violates its ministerial duty and may be corrected by mandamus. *Hooks v. Fourth Court of Appeals,* 808 S.W.2d 56, 59 (Tex.1991).

The issue before us is whether Ramsay's motion to compel arbitration is a claim for affirmative relief, preventing Barton from nonsuiting his claims. We addressed this issue in *Quanto Int'l Co. v. Lloyd,* 897 S.W.2d 482, 487 (Tex.App.—Houston [1st Dist.] 1995, orig. proceeding), in which we held a defendant's request to compel arbitration is an affirmative claim for relief under rule 162. The language of the holding in *Quanto* was very broad and the Court, its reasoning notwithstanding, did not limit applicability of its holding in any way. Here, as in *Quanto,* the defendant made a "request" to compel arbitration. It is the request itself the Court defined as an affirmative claim for relief. *Id.*

I would expressly overrule our holding in *Quanto.* I am persuaded by the dissent in *Quanto* that arbitration is merely a vehicle for resolving claims. 897 S.W.2d at 488. My basis for granting relator's petition for writ of mandamus is not that the trial court abused its discretion, but rather that the order is void for lack of subject matter juris-

diction. I would not hold that the trial court abused its discretion, because it was following controlling precedent. Without granting mandamus relief, however, there is no means by which this Court may overrule an original proceeding it has come to believe was wrongly decided.

To assert a claim for affirmative relief, a defendant must assert a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation, or relief. *General Land Office v. OXY U.S.A., Inc.,* 789 S.W.2d 569, 570 (Tex.1990). Whether a pleading is an affirmative claim for relief is determined by the facts alleged, not the name given the plea or the form of the prayer for relief. *Quanto,* 897 S.W.2d at ·487 (citing *Baca v. Hoover, Bax & Shearer,* 823 S.W.2d 734, 737–38 (Tex.App.—Houston [14th dist.] 1992, writ denied)).

There is no absolute definition of "independent" claims, nor is there a compilation of which claims qualify as "benefits, compensation, or relief." Texas courts, however, have identified certain claims that qualify as affirmative claims under rule 162. *See BHP Petroleum,* 800 S.W.2d at 842 (request for declaratory judgment interpreting purchase contract); *Georgiades v. Di Ferrante,* 871 S.W.2d 878, 880 (Tex.App.—Houston [14th dist.] 1994, writ denied) (request for declaration parties not common-law spouses); *Rosenthal v. Ottis,* 865 S.W.2d 525, 528 (Tex. App.—Corpus Christi 1993, no writ) (request for attorney's fees and expenses); *Baca,* 823 S.W.2d at 738 (claim for restitution); *Howe v. Central State Bank,* 297 S.W. 692, 693 (Tex.Civ.App.—Austin 1927, writ ref'd) (cross-action to quiet title). Other claims have not been classified as independent causes of action or affirmative claims for relief because they expire as soon as the plaintiff's claims are extinguished. *See General Land Office,* 789 S.W.2d at 570 (request for advisory opinion regarding constitutionality of statute); *Pleasants v. Emmons,* 871 S.W.2d 296, 298 (Tex.App.—Eastland 1994, no writ) (claim for indemnity and contribution from third party); *Taliaferro v. Smith,* 804 S.W.2d 548, 550 (Tex.App.—Houston [14th Dist.] 1991, no writ) (motion to cancel lis pendens); *Benavides v. Garcia,* 687

S.W.2d 397, 398 (Tex.App.—San Antonio 1985, no writ) (request to be named managing conservator, in response to divorce action); *Lipsey v. Lipsey,* 660 S.W.2d 149, 151 (Tex.App.—Waco 1983, no writ) (defensive will contest). What the affirmative claims share, and the others lack, is the existence of a basis for recovery. Arbitration is not a basis for recovery; it is, rather, the means by which recovery is obtained. *See Riha v. Smulcer,* 843 S.W.2d 289, 292 (Tex.App.—Houston [14th Dist.] 1992, no writ) (arbitration proceedings favored as **means** of disposing of **pending disputes**); *Carpenter v. North River Ins. Co.,* 436 S.W.2d 549, 553 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.) (**settlement of controversy** by arbitration favored by law).

Ramsay filed a general denial. He asserted no causes of action and no counterclaims. He was not seeking restitution, damages, attorney's fees, sanctions, or a declaratory judgment. He sought nothing but an order to compel arbitration of *Barton's* claims. Although Ramsay characterizes his motion to compel arbitration as a counterclaim for specific performance, the performance he sought was not a benefit, compensation, or relief. It was simply the mechanism by which the dispute would be handled.

An agreement to arbitrate is a valid and enforceable claim. Tex.Civ.Prac. & Rem. Code Ann. § 171.001 (Vernon Supp.1996). Its enforcement, however, depends upon the existence of a dispute warranting arbitration. Without the existence of an underlying dispute, the manner in which it should be resolved becomes irrelevant. It is the dispute that confers subject matter jurisdiction and invokes the power of the courts to hear the case. *See Jud v. City of San Antonio,* 143 Tex. 303, 184 S.W.2d 821 (1945) ("jurisdiction" is power to hear and determine a controversy). Without subject matter jurisdiction, an order issued by a court is void. *Liberty Mut. Ins. Co. v. Sharp,* 874 S.W.2d 736, 739 (Tex.App.—Austin 1994, writ denied). The order compelling the parties to arbitration was, therefore, void.

By dismissing Barton's causes of action but compelling the parties to go forward with arbitration, Judge Davidson was forcing Bar-

ton to continue to press the very claims he had nonsuited. To permit a party to nonsuit litigation but deny him the right to dismiss his complaints and withdraw from arbitration is inconsistent. I would hold a motion to compel arbitration, alone, is not an affirmative claim for relief under rule 162. I would direct Judge Davidson to vacate his order of August 28, 1996, compelling arbitration, and to dismiss all of Barton's causes of action without prejudice.

I hope that the supreme court will examine this issue at its earliest opportunity. This application is the second in as many years to inspire a spirited debate in this Court over the concepts of independent claims for relief and, ultimately, subject matter jurisdiction.

HUTSON–DUNN, O'CONNOR and ANDELL, JJ., join this dissent.