**In re Leonard Ray NAYLOR.**

No. 06–03–00128–CV.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 29, 2003.

Decided Oct. 30, 2003.

Rehearing Overruled Dec. 2, 2003.

Melvyn Carson Bruder, Dallas, for relator.

Barrett Keith Brown, Sherman, for real party in interest.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Leonard Ray Naylor has filed a petition for writ of mandamus in which he asks this Court to order Judge Don L. Jarvis to vacate his order granting Theresa Naylor's objection to visiting judge, to enter an order overruling the objection to visiting judge, and to proceed as the judge over the case.

The underlying case involves the divorce of the parties and, in this particular context, an ongoing dispute over a motion to hold Theresa in contempt for failing to pay child support. Judge Ray Grisham, of the 336th Judicial District Court, was the first judge to preside over the proceedings. Judge Jarvis was assigned to that court

> for the period of 5 days beginning 7/14/03, providing that the assignment shall continue after the specified period of time ... to complete trial of any case or cases begun during this period, and to pass on motions for new trial and all other matters growing out of cases tried ... during this period.

The relevant portions of the time line are as follows:

> February 3, 2003: Order to Theresa to show cause why she should not be held in contempt

> May 16, 2003: Evidence heard, contempt proceeding dismissed per order

signed by Judge Grisham[1]

June 26, 2003: Order assigning Judge Jarvis to 336th Judicial District Court

June 30, 2003: Leonard files motion to set aside dismissal and to reinstate

July 18, 2003: Order reinstating case signed by Judge Jarvis

August 22, 2003: Objection to visiting judge filed; Judge Jarvis grants objection

Leonard contends that, because Judge Jarvis' granting of the objection was a clear failure to observe and apply a mandatory statute, mandamus is the appropriate remedy. Specifically, he contends that, because TEX. GOV'T CODE ANN. § 74.053(c) (Vernon 1998) requires any objection to an assigned judge to be made before the first hearing in the case, and because the objection was untimely because it was not made until after Judge Jarvis had already conducted a hearing and ruled on the proceeding, the judge improperly applied a mandatory statute. Thus, he contends, Judge Jarvis should continue as the sitting judge in the case, should enter an order overruling the objection, and proceed under the order of assignment.

In response, Theresa takes the position that, because Leonard did not file a motion for new trial or for reconsideration of the dismissal within thirty days from the date the dismissal was granted, the trial court lacked jurisdiction to take any action after its plenary power period expired.

◼ Theresa's initial position is essentially that any attempt to undo the dismissal of the contempt proceeding either had to be pursued by appeal or by the address of a timely motion to the trial court and that, since neither occurred, everything that happened after the trial court's plenary power expired is essentially a nullity. Decisions in contempt proceedings are not appealable. *Ex parte Williams*, 690 S.W.2d 243, 243 n. 1 (Tex. 1985); *Ex parte Cardwell*, 416 S.W.2d 382, 384 (Tex.1967). Similarly, an order finding a party not in contempt is not a final, appealable judgment. *Norman v. Norman*, 692 S.W.2d 655, 655 (Tex.1985). We have found no cases, and have been directed to no cases, that apply TEX.R. CIV. P. 329(b) to rulings made in contempt proceedings. Thus, the plenary power constraints of the rule would not apply in this case.

◼ As a general rule, a trial court retains plenary power over its interlocutory orders until a final judgment is entered. *Fruehauf v. Carrillo*, 848 S.W.2d 83, 84 (Tex.1993). A trial court thus has the inherent authority to change or modify any interlocutory order until its plenary power expires. *Mendez v. San Benito/Cameron County Drainage Dist. No. 3*, 45 S.W.3d 746, 754 (Tex.App.-Corpus Christi 2001, pet. denied). Further, except as authorized by the Legislature for specific categories of interlocutory orders, such orders are by their very nature not appealable.[2]

---

1. The record indicates that counsel for Leonard had not yet arrived at court when the decision was reached.

2. *See, e.g.*, TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.2003) (authorizing interlocutory appeals of orders appointing or refusing to vacate orders appointing receivers or trustees; orders certifying or refusing to certify a class; orders granting or denying temporary injunctions; denial of defendant's motions for summary judgment based on governmental immunity or violation of free speech rights; granting or denial of special appearances; or granting or denial of a plea to the jurisdiction brought by a governmental unit); § 171.017(a)(1) (Vernon 1997) (orders denying applications to compel arbitration).

■ This situation arguably requires a different result because, by its very nature, this type of contempt proceeding, though part of the continuing saga of the divorce, is a separate order, and finality will not accrue on entry of some final judgment. That position, however, flies in the face of the cases holding categorically that contempt may be addressed only through habeas or mandamus in the proper circumstances. We decline the invitation to treat this situation differently.

Thus, appeal was not an available remedy in this case.

■ We now turn to the issue raised by the petition for writ of mandamus: whether the visiting judge committed error, subject to correction by mandamus, by removing himself from the case based on Theresa's objection to him sitting as a visiting judge. The real party in interest filed an objection to Judge Jarvis under Section 74.053, at a time after Judge Jarvis had signed an order reinstating the contempt proceeding. The order states it was granted after hearing the evidence and argument of counsel.

■ If the assigned judge refuses to remove himself or herself after a party timely files an objection under Section 74.053, that judge's subsequent orders are void and the objecting party is entitled to mandamus relief without a showing it lacks an adequate remedy by appeal. *Dunn v. Street,* 938 S.W.2d 33, 34–35 (Tex.1997); *Flores v. Banner,* 932 S.W.2d 500, 501 (Tex.1996). The denial of a timely Section 74.053 objection is a proper subject of mandamus. *In re Flores,* 53 S.W.3d 428, 430 (Tex.App.-San Antonio 2001, orig. proceeding). Under the statute, to be timely and thus make the recusal mandatory, an objection must be filed before the judge presides over any hearing. TEX. GOV'T CODE ANN. § 74.053 (Vernon 1998); *In re Canales,* 52 S.W.3d 698, 702 (Tex.2001).

Whether formal notice of the appointment was given is not relevant to this determination. *See Canales,* 52 S.W.3d at 702.

The objection was filed August 22, over thirty days after Judge Jarvis signed the reinstatement order following a hearing. The objection was not timely, and thus Judge Jarvis was not required to remove himself from the case.

The question before this Court, however, is whether some mandatory reading of the statute required Judge Jarvis not to remove himself, but instead to stay on the case as the sitting judge when the objection was untimely.

■ Mandamus will lie only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy at law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). The writ will issue to compel a public official to do a ministerial act, that is, one that is clear and definite and does not involve the exercise of discretion. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 793 (Tex.1991); *Benavides v. Garcia,* 687 S.W.2d 397, 398 (Tex.App.-San Antonio 1985, orig. proceeding). A writ of mandamus will not issue to compel a public official to perform an act which involves an exercise of discretion. *Anderson,* 806 S.W.2d at 793; *Benavides,* 687 S.W.2d at 398. When a statute delineates the act an official is to perform with sufficient certainty so nothing is left to the exercise of discretion, the case involves only performance of a ministerial act and is subject to mandamus. *See Anderson,* 806 S.W.2d at 793.

This is the opposite of the usual situation. If the objection had been timely, and if Judge Jarvis had refused to remove himself from the case, he would be in violation of a mandatory statute and mandamus would lie. In this case, regardless

of whether the objection was timely, the statute does not require Judge Jarvis to refuse to remove himself. Even if he did misunderstand the import of *Canales* and the statute, Leonard has directed this Court to no mandatory language that would require Judge Jarvis to deny the motion and remain in place as the trial judge. In the absence of the violation of a mandatory duty, mandamus will not lie.

We deny the petition.