In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00177-CR
______________________________


LARRY EVERETT WHITE, JR., Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 196th Judicial District Court
Hunt County, Texas
Trial Court No. 21,453


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            On June 6, 2003, Larry Everett White, Jr., waived his right to a jury trial and pled guilty to
five felony charges pending in Hunt County, Texas. This appeal concerns only White's conviction
for aggravated robbery in trial court cause number 21,453.


 The indictment further alleged White
had been previously, finally, and sequentially convicted of two additional felony offenses. After the
trial court admonished White about the enhanced punishment range applicable in this case (twenty-five to ninety-nine years, or life), White pled "true" to enhancement allegations. The trial court
ordered a presentence investigation report. On July 24, 2003, the trial court sentenced White to fifty
years' imprisonment. (There was not a negotiated plea agreement in this case.) White timely
appealed his conviction and sentence to this Court. 
            White appealed each of his five convictions separately, but the briefs in four of the cases are
substantively identical: White's counsel has reviewed the record and determined there are no
nonfrivolous issues that may be raised; he asks that we allow him to withdraw as counsel pursuant
to Anders v. California, 386 U.S. 738 (1967).
            Since the briefs and arguments raised therein are identical in each appeal, for the reasons
stated in White v. State, No. 06-03-00173-CR, we likewise affirm the trial court's judgment.
 
 
                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          March 2, 2004
Date Decided:             March 18, 2004

Do Not Publish



">July 18, 2003:Order reinstating case signed by Judge Jarvis
 
August 22, 2003:Objection to visiting judge filed; Judge Jarvis grants objection

          Leonard contends that, because Judge Jarvis' granting of the objection was a clear
failure to observe and apply a mandatory statute, mandamus is the appropriate remedy. 
Specifically, he contends that, because Tex. Gov't Code Ann. § 74.053(c) (Vernon 1998)
requires any objection to an assigned judge to be made before the first hearing in the case,
and because the objection was untimely because it was not made until after Judge Jarvis
had already conducted a hearing and ruled on the proceeding, the judge improperly
applied a mandatory statute. Thus, he contends, Judge Jarvis should continue as the
sitting judge in the case, should enter an order overruling the objection, and proceed under
the order of assignment.
          In response, Theresa takes the position that, because Leonard did not file a motion
for new trial or for reconsideration of the dismissal within thirty days from the date the
dismissal was granted, the trial court lacked jurisdiction to take any action after its plenary
power period expired. 
          Theresa's initial position is essentially that any attempt to undo the dismissal of the
contempt proceeding either had to be pursued by appeal or by the address of a timely
motion to the trial court and that, since neither occurred, everything that happened after
the trial court's plenary power expired is essentially a nullity. Decisions in contempt
proceedings are not appealable. Ex parte Williams, 690 S.W.2d 243, 243 n.1 (Tex. 1985); 
Ex parte Cardwell, 416 S.W.2d 382, 384 (Tex. 1967). Similarly, an order finding a party
not in contempt is not a final, appealable judgment. Norman v. Norman, 692 S.W.2d 655,
655 (Tex. 1985). We have found no cases, and have been directed to no cases, that apply
Tex. R. Civ. P. 329(b) to rulings made in contempt proceedings. Thus, the plenary power
constraints of the rule would not apply in this case.
          As a general rule, a trial court retains plenary power over its interlocutory orders until
a final judgment is entered. Fruehauf v. Carrillo, 848 S.W.2d 83, 84 (Tex. 1993). A trial
court thus has the inherent authority to change or modify any interlocutory order until its
plenary power expires. Mendez v. San Benito/Cameron County Drainage Dist. No. 3, 45
S.W.3d 746, 754 (Tex. App.‒Corpus Christi 2001, pet. denied). Further, except as
authorized by the Legislature for specific categories of interlocutory orders, such orders are
by their very nature not appealable.


 
          This situation arguably requires a different result because, by its very nature, this
type of contempt proceeding, though part of the continuing saga of the divorce, is a
separate order, and finality will not accrue on entry of some final judgment. That position,
however, flies in the face of the cases holding categorically that contempt may be
addressed only through habeas or mandamus in the proper circumstances. We decline
the invitation to treat this situation differently. 
          Thus, appeal was not an available remedy in this case.
          We now turn to the issue raised by the petition for writ of mandamus: whether the
visiting judge committed error, subject to correction by mandamus, by removing himself
from the case based on Theresa's objection to him sitting as a visiting judge. The real
party in interest filed an objection to Judge Jarvis under Section 74.053, at a time after
Judge Jarvis had signed an order reinstating the contempt proceeding. The order states
it was granted after hearing the evidence and argument of counsel. 
          If the assigned judge refuses to remove himself or herself after a party timely files
an objection under Section 74.053, that judge's subsequent orders are void and the
objecting party is entitled to mandamus relief without a showing it lacks an adequate
remedy by appeal. Dunn v. Street, 938 S.W.2d 33, 34-35 (Tex. 1997); Flores v. Banner,
932 S.W.2d 500, 501 (Tex. 1996). The denial of a timely Section 74.053 objection is a
proper subject of mandamus. In re Flores, 53 S.W.3d 428, 430 (Tex. App.‒San Antonio
2001, orig. proceeding). Under the statute, to be timely and thus make the recusal
mandatory, an objection must be filed before the judge presides over any hearing. Tex.
Gov't Code Ann. § 74.053 (Vernon 1998); In re Canales, 52 S.W.3d 698, 702 (Tex. 2001). 
Whether formal notice of the appointment was given is not relevant to this determination. 
See Canales, 52 S.W.3d at 702.
          The objection was filed August 22, over thirty days after Judge Jarvis signed the
reinstatement order following a hearing. The objection was not timely, and thus Judge
Jarvis was not required to remove himself from the case. 
          The question before this Court, however, is whether some mandatory reading of the
statute required Judge Jarvis not to remove himself, but instead to stay on the case as the
sitting judge when the objection was untimely. 
          Mandamus will lie only to correct a clear abuse of discretion or the violation of a duty
imposed by law when there is no adequate remedy at law. Johnson v. Fourth Court of
Appeals, 700 S.W.2d 916, 917 (Tex. 1985). The writ will issue to compel a public official
to do a ministerial act, that is, one that is clear and definite and does not involve the
exercise of discretion. Anderson v. City of Seven Points, 806 S.W.2d 791, 793 (Tex.
1991); Benavides v. Garcia, 687 S.W.2d 397, 398 (Tex. App.‒San Antonio 1985, orig.
proceeding). A writ of mandamus will not issue to compel a public official to perform an
act which involves an exercise of discretion. Anderson, 806 S.W.2d at 793; Benavides,
687 S.W.2d at 398. When a statute delineates the act an official is to perform with
sufficient certainty so nothing is left to the exercise of discretion, the case involves only
performance of a ministerial act and is subject to mandamus. See Anderson, 806 S.W.2d
at 793.
          This is the opposite of the usual situation. If the objection had been timely, and if
Judge Jarvis had refused to remove himself from the case, he would be in violation of a
mandatory statute and mandamus would lie. In this case, regardless of whether the
objection was timely, the statute does not require Judge Jarvis to refuse to remove himself. 
Even if he did misunderstand the import of Canales and the statute, Leonard has directed
this Court to no mandatory language that would require Judge Jarvis to deny the motion
and remain in place as the trial judge. In the absence of the violation of a mandatory duty,
mandamus will not lie.
          We deny the petition.
          
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      October 29, 2003
Date Decided:         October 30, 2003