Dismissed and Memorandum Opinion
filed February 3, 2011.

In
The

Fourteenth
Court of Appeals



NO. 14-09-01024-CV



Karen Sue
Hooper, Appellant 

v.

Donald Paul
Hooper, Appellee 



On Appeal from
the 309th District Court

Harris County, Texas

Trial Court
Cause No. 2001-63569



 

MEMORANDUM OPINION 

Appellant Karen Sue Hooper appeals from the trial
court’s order denying her motion to enforce a child support order by contempt
against her ex-husband, appellee Donald Paul Hooper.  We dismiss this appeal
for lack of jurisdiction.

Appellant previously sought to enforce a child
support order against appellee.  The trial court entered a new order, which
appellant claims clarified the prior order, and appellee failed to comply with
that order as well.  Appellant sought to enforce this second order by contempt,
and the trial court denied the motion and found that the second order “is not
enforceable by contempt” and that appellant “may not seek enforcement by
contempt” of that order “because doing so would place [appellee] in double
jeopardy.”  This appeal followed.

Appellee filed a motion to dismiss this appeal for
lack of jurisdiction, arguing that rulings on contempt motions are not
appealable.  We agree.  Contempt proceedings, whether the court grants or
denies the motion for contempt, are not appealable because they “are not
concerned with disposing of all claims and parties before the court, as are
judgments; instead, contempt proceedings involve a court’s enforcement of its
own orders, regardless of the status of the claims between the parties before
it.”  In re Office of Attorney Gen. of Tex., 215 S.W.3d 913, 915–16
(Tex. App.—Fort Worth 2007, orig. proceeding); see also Norman v. Norman,
692 S.W.2d 655, 655 (Tex. 1985) (holding that court of appeals had no
jurisdiction over an appeal from an order finding a party not in contempt); In
re Naylor, 120 S.W.3d 498, 500 (Tex. App.—Texarkana 2003, orig. proceeding)
(“Decisions in contempt proceedings are not appealable.”).  A ruling denying a
motion for contempt can be challenged only by an original proceeding.  In re
B.A.C., 144 S.W.3d 8, 11 (Tex. App.—Waco 2004, no pet.); Naylor, 120
S.W.3d at 501.  Thus, because this is an appeal of the trial court’s refusal to
find appellee in contempt, we have no jurisdiction.

Appellant argues that these authorities do not apply
because the trial court did not make a decision about whether to hold him in
contempt, but made a legal ruling regarding the second order.[1]  Courts
have allowed appeals of rulings regarding unrelated issues that occur in
contempt proceedings.  See, e.g., In re E.H.G., No.
04-08-00579-CV, 2009 WL 1406246, at *5 (Tex. App.—San Antonio May 20, 2009, no
pet.) (mem. op.) (“If a motion to enforce includes a request for both a
contempt finding and a money judgment for child support arrearage, an appellate
court has jurisdiction to address the arrearage judgment because it is
unrelated to the contempt order.”); Chambers v. Rosenberg, 916 S.W.2d
633, 634 (Tex. App.—Austin 1996, writ denied) (finding no jurisdiction to
consider contempt ruling but considering legal conclusion that agreed temporary
injunction, the alleged violation of which was the basis for the contempt
request, was void).  However, that did not occur here.  The trial court did not
make rulings unrelated to contempt, such as whether a child support arrearage
exists.  Rather, the court ruled that the order at issue is not enforceable by
contempt and that enforcing this order by contempt would place appellee in
double jeopardy.  Without deciding whether these are correct statements of law,
we hold that these rulings are relevant only to the decision of whether to hold
appellee in contempt and thus are not subject to direct appeal.

We dismiss this appeal for lack of jurisdiction.

 








                                                                                    

                                                                        /s/        Martha
Hill Jamison

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges,
Justice Jamison, and Senior Justice Mirabal.*

 

 

 

 

 

 

*Senior Justice Margaret Garner Mirabal,
sitting by assignment.

 

 









[1]
Appellant also argues that the present case is analogous to In re A.B.,
in which the Eastland Court of Appeals heard an appeal of a trial court’s
refusal to hold a father in contempt based on the trial court’s construction of
a term in the divorce decree.  994 S.W.2d 229, 231–32 (Tex. App.—Eastland 1999,
no writ).  We do not find this case persuasive because the issue of the court’s
jurisdiction was apparently never raised or considered by the court.