**Opinion issued July 8, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-13-00933-CV

———————————————

**RSL-3B-IL, LTD., Appellant**

**V.**

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY OF HOLMDEL, NEW JERSEY N/K/A LM PROPERTY AND CASUALTY INSURANCE COMPANY AND SETTLEMENT CAPITAL CORPORATION, Appellees**

---

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-12560**

---

## MEMORANDUM OPINION

This is an accelerated appeal of the trial court's interlocutory order denying a motion to stay pending litigation until the completed arbitration of a related

dispute. After RSL–3B–1L, Ltd. (RSL) filed its notice of appeal from the order denying a stay of proceedings, the trial court entered a final judgment disposing of all parties and claims in the suit before it. We dismiss the appeal as moot.

## Background

The arbitration proceeding upon which the stay request was based is between Olubumi Adegoke and RSL. The lawsuit underlying this appeal is a breach of contract and interpleader action, arising out of two judicially-approved factoring agreements. In the first factoring agreement, entered into in 1993 and court-approved in January 2003, Adegoke's mother, now deceased, agreed to transfer to Settlement Capital Corporation (SCC) a portion of periodic payments that she was entitled to receive under an annuity agreement with Prudential Insurance Company of America and Prudential Property and Casualty Insurance Company of Holmdel, New Jersey, now known as LM Property and Casualty Insurance Company (collectively, Prudential).[1] The trial court order approving the agreement with SCC (the SCC order) included a servicing arrangement that required Prudential "to deliver and make payable to [SCC]" the full amount of each periodic payment. In the second factoring agreement, entered into in June 2004 and court approved in July 2004, Adegoke's mother agreed to assign certain

---

[1] The Structured Settlement Protection Act requires court approval for all direct or indirect transfers of structured settlement payment rights in Texas. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 141.004 (West 2011).

2

future payments from the same annuity to Rapid Settlements, Ltd. The second approval order directs Prudential to make these annuity payments to Rapid Settlement's designated assignee, RSL.

Faced with inconsistent obligations under the orders, Prudential suspended the periodic payments. When RSL did not receive the periodic payments transferred to it by Adegoke's mother, it sued Prudential for breach of contract in state district court. Prudential appeared and filed an interpleader action to resolve the inconsistencies between its obligations under the SCC order and those under the Rapid order. Later, after her mother's death, Adegoke intervened in this case in the trial court, suing RSL–3B–1L for breach of contract and claiming, as sole heir, her right to the funds that her mother purportedly had assigned to RSL.

RSL responded to Adegoke's intervention by moving to compel arbitration of the claims between them, whereupon Adegoke nonsuited her claims against RSL without prejudice to their refiling. The trial court granted RSL's motion to compel arbitration, but refused its request to stay the suit pending the arbitration.

At trial, the trial court directed a verdict in favor of Prudential on RSL's breach of contract claim, and submitted Prudential's request for attorney's fees to a jury. Based on the jury's finding, the trial court awarded Prudential its attorney's fees, and, in a later ruling, ordered that RSL recover the interpleaded funds less the attorney's fees, costs, and post-judgment interest due to Prudential. That later

ruling recites: "This judgment is final, disposes of all claims and all parties, and is appealable. All other relief requested by any party not expressly granted herein . . . is denied."

## Motion to Dismiss

Prudential has moved to dismiss RSL's appeal based on two grounds: untimeliness and mootness. We consider each ground in turn.

### *Untimeliness*

We may extend the time to file a notice of appeal if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen–day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex.1997).

A motion for extension to file a notice of appeal requires a reasonable explanation. *See* TEX. R. APP. P. 10.5(b)(1)(C). A "reasonable explanation" is "any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977)).

4

We apply a liberal standard of review, under which "any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance." *Id.* at 886 (quoting *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989)).

The trial court denied RSL's request to stay the proceedings on October 2, 2013. In its motion to extend time to file its notice of appeal, RSL explained that it did not timely file its notice of appeal because the arbitration proceeding was initially scheduled so that it would conclude before the trial in this case began, obviating the need for pursuing the stay. However, the arbitrator postponed the final arbitration hearing, which had been scheduled to take place the day before the trial setting. On the first day of trial, RSL renewed its request to stay the proceedings until issuance of the arbitration award, and when that request was unavailing, RSL filed its notice of appeal the same day.

Prudential has moved to dismiss the appeal, contending that RSL deliberately delayed appealing the ruling because it hoped to keep the trial setting and use the results of the arbitration proceeding to its tactical advantage. It notes that RSL filed a notice of extension of time to file its notice of appeal rather than filing the notice itself, and that it was aware of the deadline for filing an interlocutory appeal. However, viewing RSL's explanation liberally, as we must, RSL explained its delay based on the unforeseen delay caused by the arbitrator,

5

who unexpectedly postponed the final hearing. We hold that RSL's explanation satisfies Rule 10.5(b). Because untimeliness does not warrant dismissal, we consider Prudential's contention that the appeal is moot.

### *Mootness*

Prudential contends that, since RSL filed this appeal, the trial court entered final judgment addressing the interpleaded funds and thereby disposed of the sole remaining dispute among the parties. RSL responds that the judgment relied on by Prudential is merely interlocutory. Relying on *In re Gulf Exploration, LLC*, RSL claims that the trial court has not finally disposed of the trial court case because the arbitration between RSL and Olumubi remains pending. *See* 289 S.W.3d 836, 840–41 (Tex. 2009) (orig. proceeding) (observing that, under Texas General Arbitration Act, trial court may render various orders in furtherance of arbitration when appropriate, including appointment of arbitrators and confirmation or vacatur of award) (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.086 & 171.087). RSL's contention supposes that, despite her nonsuit, Olumubi remains a party before the trial court. According to RSL, its motion to compel arbitration, as a pending claim for affirmative relief, rendered Olumubi's notice of nonsuit ineffective.

RSL–3B–1L relies on our decision in *Quanto International Co. v. Lloyd*, 897 S.W.2d 482 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding), which

6

held that a request to compel arbitration is an affirmative claim for relief under Rule 162. Since we decided *Quanto*, the wisdom of that holding has been questioned. *See Gillman v. Davidson*, 934 S.W.2d 803, 804–05 (Tex. App.—Houston [1st Dist.] 1996, orig. proceeding) (en banc) (Hedges, J., joined by Hutson-Dunn, O'Connor, and Andell, JJ., dissenting from decision to withdraw leave to file for en banc rehearing as improvidently granted); *see also In re Riggs*, 315 S.W.3d 613, 615 n.2 (Tex. App.—Fort Worth 2010, orig. proceeding) (disagreeing with *Quanto*). Assuming, however, that RSL's motion to compel arbitration constituted a claim for affirmative relief, it is not a live controversy in the case: the trial court granted the requested relief before it entered its final judgment. Further, Olumubi did not respond to RSL's motion to compel arbitration; she filed her notice nonsuiting her claims against RSL the day she learned of the motion. *See* HARRIS CNTY. DIST. CT. LOC. R. 3.3.2 ("Failure to file a response may be considered a representation of no opposition.") The nonsuit became effective, at the latest, upon Olumubi's voluntary participation in the arbitral process.

A nonsuit "renders the merits of the nonsuited case moot." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). "Appellate courts are prohibited from deciding moot controversies." *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). Mootness deprives this Court of jurisdiction.

7

*Vally Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000). We hold that we lack jurisdiction over RSL's appeal.

## Conclusion

We dismiss this appeal for lack of jurisdiction. TEX. R. APP. P. 42.3(a), 43.2(f).

Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Massengale.