ACCEPTED
01-15-00842-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/3/2015 4:40:55 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00842-CV

IN THE
FIRST COURT OF APPEALS
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/3/2015 4:40:55 PM
CHRISTOPHER A. PRINE
Clerk

## GUAM INDUSTRIAL SERVICES, INC.,

*Appellant,*

v.

## DRESSER-RAND COMPANY,

*Appellee*

**On appeal from the 61st Judicial District Court of Harris County, Texas
Trial court cause no. 2015-01910**

## APPELLEE'S SUR-REPLY IN OPPOSITION TO APPELLANT'S MOTION FOR STAY OF ARBITRATION AND ORDER COMPELLING ARBITRATION

Kyle C. Reeb
State Bar No. 24091604
Lauren B. Harris
State Bar No. 02009470
Porter Hedges LLP
kreeb@porterhedges.com
lharris@porterhedges.com
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6625
Facsimile: (713) 226-6225

*Attorneys for Appellee Dresser-Rand Company*

**TO THE HONORABLE FIRST COURT OF APPEALS:**

Appellee Dresser-Rand Company ("Dresser-Rand") files this Sur-Reply in Opposition to Appellant's Motion for Stay of Trial Court Order Compelling Arbitration and Stay of Arbitration and request to void or vacate the order compelling arbitration, and would respectfully show the Court as follows:

## Preliminary Statement

1. The Shipyard's reply merely re-hashes the same arguments and references the same authority relied upon in its motion. The Shipyard summarily concludes that an order compelling arbitration resolves the case on the merits, yet fails to explain how an order compelling arbitration adjudicates any of Dresser-Rand's causes of action, the Shipyard's claims, or any of its defenses. Although Dresser-Rand's response addresses most of the Shipyard's arguments in the reply, Dresser-Rand files this brief sur-reply primarily to address the Shipyard's allegation that Dresser-Rand has failed to advise the court of controlling federal case authority contrary to the caselaw it cited in its response. (Reply at 3). For the reasons below, the Shipyard's contention is meritless.

### A. Dresser-Rand's Reference To Federal Decisions Recognizing That Compelling Arbitration Is Not A Decision on The Merits Does Not Mischaracterize Federal Law.

The Shipyard asserts that Dresser-Rand has somehow concealed a split of federal authority in its references to the order compelling arbitration as non-

1

dispositive under federal law. The Shipyard's claim, however, is intended to do nothing more than distract this Court from the issue before it—whether an order compelling arbitration is tantamount to a "trial in the trial court" under the statutory stay provision in section 51.014(b). *See* TEX. CIV. PRAC. & REM. CODE §51.014(b).

Despite the fact that this case involves the interpretation of a Texas statute, Dresser-Rand's response briefly referenced federal authority recognizing that federal magistrates cannot make rulings on dispositive motions, although they are authorized to compel arbitration. Federal courts have decided that a motion to compel arbitration is a non-dispositive motion in part based on the fact that compelling arbitration is not among the motions enumerated as having dispositive effect in 28 U.S.C. §636(b)(1)(A). *See PowerShare, Inc. v. Syntel, Inc.,* 597 F.3d 10, 14 (1st Cir. 2010); *also see* FED. R. CIV. P. 72 (magistrates may consider "a pretrial matter not dispositive of a party's claim or defense..."). Motions considered to be dispositive under the federal statute include, for example, motions for injunctive relief, motions for judgment on the pleadings, motions for summary judgment, or motions to dismiss. *Id.* Thus, Dresser-Rand referenced this analogous line of authority in response to the Shipyard's claim that an order compelling arbitration is a dispositive motion.

Not only have several federal district courts reached this conclusion, but the

First Circuit has found that a motion to stay litigation pending arbitration is non-dispositive because it "suspends" but does not eliminate the court's authority over the matter. *See Syntel, Inc.,* 597 F.3d at 14. The district court still retains jurisdiction to vacate, affirm or modify any arbitrator's decision, and maintains the authority to render a final judgment. Similarly, the Third Circuit has also determined that motions to compel arbitration and stay trial proceedings are not dispositive motions. *See Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l Inc.,* 561 F. App'x 131, 133-34 (3d Cir. 2014); 91 C.J.S. *United States Magistrates* § 7 (2015) (recognizing that a motion to compel arbitration is a non-dispositive motion); *see also* David Hittner, FEDERAL CIVIL PROCEDURE BEFORE TRIAL, ch. 16-F(3)(d) (5th Cir. ed. 2015) (same).

Although the Shipyard references some contrary federal authority to attempt to diffuse the force of the federal law comparison, the Shipyard fails to apprise the court that many of the district court opinions it cites were disapproved by circuit courts or even other district courts. For example, the First Circuit in *Syntel* declined to follow the decision in *Flannery v. Tri–State Div.,* 402 F. Supp. 2d 819, 821 (E.D. Mich. 2005), on which the Shipyard so heavily relies. *See Syntel,* 597 F.3d at 14. Similarly, the Third Circuit in *Virgin Islands Water & Power Auth.,* 561 F. App'x at 133-34, reversed the district court decision that the Shipyard references. *See* Reply at 3 n. 8, citing *Virgin Islands Water & Power Auth. v. Gen.*

3

*Elec. Int'l*, 2009 WL 1918238 (D. Vi. 2009); *also see Vernon v. Qwest Commc'ns Int'l, Inc.*, 857 F. Supp. 2d 1135, 1141 (D. Colo. 2012), *aff'd*, 925 F. Supp. 2d 1185 (D. Colo. 2013) (disapproving *Coxcom, Inc. v. Egghead Telecom, Inc.*, 2009 WL 4016629, at *1 (N.D. Okl. 2009)). In reality, it is the Shipyard that mischaracterizes the law. However, even if some limited contrary authority exists, the reasoning of the cases finding that a motion to compel arbitration is non-dispositive is sound: it is not case-determinative because it is not a final resolution of the merits and does not eliminate the court's jurisdiction. *See Syntel*, 597 F.3d at 14. While the Shipyard prefers to lead this Court into the weeds, these decisions are persuasive here.

### B. The Legislative History of Section 51.014(b) Also Establishes That Pre-Trial Matters Do Not Equate To A "Trial."

Rather than resolving any substantive claims, the trial court's order compelling arbitration merely requires the parties to litigate their dispute before a panel of arbitrators in accordance with their contract. Without any direct authority, however, the Shipyard contends that an order compelling arbitration is equivalent to a "trial in the trial court" as that term is used in section 51.014(b). The Legislative history of section 51.014(b), however, indicates otherwise.

The automatic stay provision included in section 51.014(b) was enacted in 1997 at the same time the Legislature enacted the provision allowing interlocutory appeals of the granting or denial of a special appearance. *See* Acts of June 1997,

4

75th Leg., R.S., ch. 1296, §1, 1997 Tex. Gen. laws 4936, 4937, eff. June 20, 1997. During the consideration of the proposed revision to the statute, opponents of the legislation were concerned that it would allow defendants over whom jurisdiction was proper "to delay the case while that issue is taken up on appeal." *See* House Research Organization, Bill Analysis, Tex. H.B. 453, 75th Leg., R.S. (1997) (Exhibit A, p. 3). To alleviate concerns about delays, the Legislature enacted the automatic stay provision, but limited it to only actual trials. As the Bill Analysis explains:

> SB 453 would not lengthen the trial process or be an unnecessary delay in the commencement of a suit ... Interlocutory appeals are usually decided quickly by appellate courts. Appeals concerning jurisdictional issues are almost always determined on motions or briefs accompanied by affidavits; no testimony is usually allowed. *While trial may not proceed while an interlocutory appeal is pending, there would be no prohibition in the statute against continuing discovery.*

*Id.* (emphasis added). Thus, the Legislature clearly intended to preclude unnecessary delays while a jurisdictional appeal is pending and allow the case to proceed in the trial court.

The parties agreed to arbitrate their dispute in Houston, Texas, and the trial court's order compelling arbitration in no way invokes an immediate trial on the merits. Rather, the order merely allows the case to proceed in an arbitration setting. "Arbitration is not a basis for recovery; it is, rather, the means by which recovery is obtained." *Thomas v. Cook*, 350 S.W.3d 382, 395 (Tex. App.—

5

Houston [14th Dist.] 2011, pet. denied) (Hedges, C.J., dissenting), *quoting Gillman v. Davidson*, 934 S.W.2d 803, 805 (Tex. App.—Houston [1st Dist.] 1996, orig. proceeding). The Legislature expressly intended for pre-trial matters to continue while a jurisdictional appeal is pending. Dresser-Rand is entitled to pursue those same measures in arbitration while this Court determines whether the trial court has jurisdiction over any alleged non-arbitrable claims.

## C.     The Outcome of the Jurisdictional Appeal Will Not Affect The Trial Court's Jurisdiction To Compel Arbitration.

The Shipyard does not deny that the trial court may exercise jurisdiction over it for the sole purpose of compelling arbitration. The Shipyard repeatedly conceded in the trial court that it possessed jurisdiction to compel arbitration. *See* CR 495, *citing Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.,* 800 F.3d 143, 152 (5th Cir. 2015) ("When a party agrees to arbitrate in a particular state, via express or implicit consent, the district courts of the agreed upon state may exercise personal jurisdiction over the parties for the limited purpose of compelling arbitration."); *also see* CR502-503 (citing federal opinions holding that a party's agreement to arbitrate in a particular state subjects the party to the jurisdiction of the district courts in that state for the purpose of compelling arbitration). Thus, the Shipyard's challenge to arbitration proceeding under the statutorily imposed trial stay is purely illusory to the extent that *any* Houston trial court could compel arbitration in this case and has jurisdiction to do so.

Even if this Court was to reverse the denial of the Shipyard's special appearance, it would not affect Dresser-Rand's right to compel arbitration because the Shipyard has already contractually consented to jurisdiction here for the discrete purpose of arbitration. The issue of whether the parties must arbitrate their dispute was not before the trial court at the time it granted the special appearance, and Dresser-Rand is not precluded from raising it in the district court now. *See* *Nguyen v. Desai*, 132 S.W.3d 115, 118 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ("[A]n order dismissing claims for lack of personal jurisdiction precludes relitigation of the jurisdictional issues that were actually litigated and essential to the dismissal…."). Even so, the Shipyard repeatedly urged that the trial court had jurisdiction over the Shipyard to compel arbitration.

The Shipyard clearly agreed to arbitration, and the trial court had the authority to consider Dresser-Rand's motion to enforce that agreement and compel arbitration. The trial court's ruling will not preclude this Court from deciding the Shipyard's appeal, and will not moot the jurisdictional issues to be decided. Dresser-Rand respectfully requests this Court to deny the Shipyard's motion.

WHEREFORE, Appellee Dresser-Rand respectfully requests this Court to deny Appellant Guam Shipyard's Motion for Stay of Trial Court Order Compelling Arbitration and Stay of Arbitration and all relief requested therein, and for such other and further relief to which it may show itself to be justly entitled to receive.

7

Respectfully submitted,

**PORTER HEDGES LLP**

By:   /s/ Kyle C. Reeb
      Kyle C. Reeb
      State Bar No. 24091604
      Lauren B. Harris
      State Bar No. 02009470
      Porter Hedges LLP
      kreeb@porterhedges.com
      lharris@porterhedges.com
      1000 Main Street, 36th Floor
      Houston, Texas 77002
      Telephone: (713) 226-6625
      Facsimile: (713) 226-6225

***Attorneys for Appellee Dresser-Rand Company***

## CERTIFICATE OF SERVICE

Pursuant to Rules 6.3 and 9.5(b), (d), and (e) of the Texas Rules of Appellate Procedure, this is to certify that on this 3rd day of December 2015, a true and correct copy of the foregoing was served on the following counsel of record by U.S. first class mail and by electronic delivery as follows:

Fred Dietrich
The Dietrich Law Firm
2211 Norfolk St., Suite 620
Houston, Texas 77098
fdietrich@dietrich-law.com

*Counsel for Appellant Guam Industrial Services, Inc.*

/s/ Kyle C. Reeb
Kyle C. Reeb

5195128v3

9